1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11   HERBERT DEON GOODWIN, JR.,          )   Case No.: 1:22-cv-00298-BAK (HBK) (HC)
                                          )
12                  Petitioner,           )   ORDER DISMISSING PETITION WITH LEAVE
                                          )   TO FILE A FIRST AMENDED PETITION
13        v.                              )
                                          )   [THIRTY-DAY DEADLINE]
14   KATHLEEN ALLISON,                    )
                                          )
15                  Respondent.           )
                                          )
16   _____)

17          Petitioner filed a Petition for Writ of Habeas Corpus on March 14, 2022.  (Doc. 1).  A

18   preliminary screening of the petition reveals that the petition fails to present any cognizable grounds

19   for relief or any facts in support.  Therefore, the Court will DISMISS the petition with leave to file an

20   amended petition.

21   **I.       DISCUSSION**

22          A.      Preliminary Review of Petition

23          Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary

24   review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it

25   plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

26   the district court. . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory

27   Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus,

28   either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

                                              1

answer to the petition has been filed.

B.      Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a) states:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2).  In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Petitioner has failed to comply with Rule 2(c) by failing to specify the grounds for relief or the facts supporting his claims.  Petitioner simply lists his three grounds for relief in the form petition and references the attached statement of facts.  (See Doc. 1.)  Rule 2(c) requires that each ground for relief be clearly stated, along with providing specific factual allegations that support the grounds for relief. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Popoola, 881 F.2d 811, 812 (9th Cir. 1989).  Additionally, Petitioner fails to state how the adjudication of his claims in state court resulted in a decision that was contrary to, or an unreasonable application of, clearly established

Supreme Court authority.  Therefore, the petition fails to present a cognizable claim for relief and must be dismissed.

Petitioner will be granted an opportunity to file a First Amended Petition curing these deficiencies.  Petitioner is advised that he should caption his pleading, "First Amended Petition," and he should reference the instant case number.

## II.      ORDER

Accordingly, the Court **ORDERS**:

1)   The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to state a claim; and

2)   Petitioner is GRANTED thirty days from the date of service of this order to file a First Amended Petition.

**Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.**

Dated:   __March 23, 2022__

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3