UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT DEON GOODWIN, JR.<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON<br><br>Respondent. | Case No. 1:22-cv-00298-JLT-CDB (HC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING THE CLERK OF COURT TO CLOSE THE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**<br><br>(Doc. 28) |

Herbert Deon Goodwin, Jr. is a state prisoner proceeding pro se with his amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 11). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 16, 2025, the assigned magistrate judge issued Findings and Recommendations recommending that the petition for writ of habeas corpus be denied as without merit, and that the court decline to issue a certificate of appealability. (Doc. 28). Those Findings and Recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. In addition, the parties were "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). After receiving a requested extension, Petitioner filed objections on June 16, 2025. (Doc. 31).

1    Petitioner's objections largely reiterate arguments he raised in support of the petition,
2 including that the state court decision rejecting confrontation claim was contrary to *Hammon v.*
3 *Indiana*, 547 U.S. 813 (2006); there is an independent right to confront witnesses under the
4 Fourteenth Amendment; and there was insufficient evidence to support that one of the victims
5 was a minor. (Doc. 31 at 6-8). Petitioner also argues the magistrate judge did not apply the
6 correct standard for a certificate of appealability and a certificate is warranted in this case. (*Id.* at
7 8-9).

8    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a
9 *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's
10 objections, the Court holds the findings and recommendations to be supported by the record and
11 proper analysis.[1]

12   Having found that Petitioner is not entitled to relief, the Court now turns to whether a
13 certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no
14 absolute entitlement to appeal a district court's denial of his petition, and an appeal is only
15 allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C.
16 § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of
17 appealability "if jurists of reason could disagree with the district court's resolution of [the
18 petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate
19 to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529
20 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must
21 demonstrate "something more than the absence of frivolity or the existence of mere good faith on
22 his . . . part." *Miller-El*, 537 U.S. at 338.

23   The Court finds that reasonable jurists would not find the Court's determination that the
24 petition should be denied debatable or wrong, or that Petitioner should be allowed to proceed

---

[1] Even were Mr. Goodwin to be correct that the drivers' license may have contained false information as to A.J.'s age, there was other evidence from the social worker that A.J. was a minor. (Doc. 17-4 at 306) On the other had, the Court observes also that, the social worker also identified A.J. as a person she was working with and that she worked with "wards of the court" and the the "court" had given her limited authority to speak about A.J. (Doc. 17-4 at 306) Notably, the juvenile court in California can take jurisdiction only over children under the age of 18. California Fam. Code § 6500 ["A minor is an individual who is under 18 years of age."]; California Welf. & Instit. Code § 300.

further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 16, 2025 (Doc. 28) are **ADOPTED** in full.
2. The amended petition for writ of habeas corpus (Doc. 11) is **DENIED**.
3. The Clerk of the Court is directed to close the case.
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **July 29, 2025**

UNITED STATES DISTRICT JUDGE

3